UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JEFFREY L.G. JOHNSON, et al., )
)
Plaintiffs, )
) No. 4:21-CV-39 RLW
v. )
)
STEPHEN R. CLARK, et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiffs' various discovery motions and motions for clerk's entry of default judgment.

**I.     Discovery Motions**

Before the Court are various discovery motions filed by Plaintiffs: Plaintiffs' Motion for Discovery for Production of Court Records by Clerk of Court (ECF No. 9), Plaintiffs' Motion for Discovery for Production of Documents/Records by Circuit Attorney's Office/Motion for Proposed Order to Compel Discovery (ECF No. 11), Plaintiffs' Motion for Discovery for Production of Documents/Records by United States Attorneys Office/Motion for Proposed Order to Compel Discovery (ECF No. 12), Plaintiffs' Motion for Discovery for Production of Court Records by Clerk of Court (ECF No. 13), Plaintiffs' Motion for Discovery for Production of Documents/Records by Attorney General's Office/Motion for Proposed Order to Compel Discovery (ECF No. 26), and Plaintiffs' Motion for Brady Material Affirmative Disclosure by Prosecutors Not Mere Discovery Motion to Strike Defendant's Motion and Supporting Memorandum (ECF No. 28). Defendants Clerk of the Court Gregory Linhares and United States Attorney Sayler Fleming (collectively, "Federal Defendants") filed a Motion to Stay Discovery,

or, in the Alternative, for a Protective Order Staying Discovery (ECF No. 20).   Federal Defendants point out that requests for discovery are premature because this Court has not held its Rule 26(f) conference.  *See* Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").  The Court agrees that discovery is premature, denies Plaintiffs' motions for discovery, and grants Federal Defendants' motion to stay discovery.  The Court will strike any motions for discovery that are filed prior to the entry of a Case Management Order in this case.

The Court also denies Plaintiffs' Motion to Waive the Rule 26(f) requirements Sua Sponte for Purposes of Discovery, or Alternative[ly] the Court Enter Its Scheduling Order (ECF No. 55).  Plaintiffs request the Court to waive the Rule 26(f) scheduling hearing and enter a scheduling order in this case.  The Court denies Plaintiffs' Motion to Waive the Rule 26(f) requirements.  The Court will hold a Rule 26(f) hearing, if necessary, once it has ruled on the pending dispositive motions in this case.

## II.     Motions for Clerk's Entry of Default

Plaintiffs also have filed several motions for clerk's entry of default: Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Thomas Rutledge "Charter Communications Services, LLC."  (ECF No. 44), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Erin K. McGowan, Asst. City Counselor (ECF No. 46), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Circuit Judge Rex Burlison (ECF No. 47), Plaintiffs' Motion for Entry of Default by

Clerk Motion for Proposed Order Granting Default Judgment by Court Against Nancy A. Berryhill, Commissioner, SSA (ECF No. 48), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Assoc. Cir. Judge Christopher McGraugh (ECF No. 49), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Former United States Attorney Jeffrey Jensen (ECF No. 50), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Clerk Thomas L. Kloeppinger (ECF Nos. 51, 75), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Clerk of the Court Gregory J. Linhares (ECF No. 52), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against State Attorney General Eric Schmitt (ECF No. 53), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against District Judge Stephen R. Clerk (ECF No. 54), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Superintendent Jasym Frager (ECF No. 67), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against REO, Laurent Javois, St. Louis Physic. And Rehabilitation Center (ECF No. 68), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Deputy General Counsel Denise L. Thomas Dep't of Mental Health (ECF No. 69), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Mark Stringer, Dep't of Mental Health (ECF No. 70), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Circuit Attorney, Kimberly M. Gardner (ECF No. 71), Plaintiffs' Motion for Entry of Default by

Clerk Motion for Proposed Order Granting Default Judgment by Court Against Circuit Judge Rex Burlison (ECF No. 72), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Christopher McGraugh (ECF No. 73), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Dist. Public Defender Mary Fox (ECF No. 74), and Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Asst. County Prosecutor Joshua Canavan (ECF No. 76).[1]  In each of these motions, Plaintiffs indicate that they mailed the complaints and summonses to the defendants to effectuate service.  The Court denies Plaintiffs' motions for clerk's entry of default for several reasons.

First, Plaintiffs have provided no evidence that Defendants' responses to Plaintiffs' attempts at service were untimely or that they are properly entitled to clerk's entry of default. Indeed, defendants responded to Plaintiffs' summons with motions to dismiss or memoranda in opposition to Plaintiffs' motions for clerk's entry of default.  Defendants Mark Stringer, Denise Thomas, Laurent Javois and Missouri Attorney General Eric Schmitt filed their Motion to Dismiss on February 17, 2021.  (ECF Nos. 23-24).  Judge Stephen R. Clark, Clerk of Court Gregory J. Linhares, and United States Attorney Sayler Fleming filed their Motion to Dismiss on February 22, 2021.  (ECF No. 78).[2]  Judicial Defendants Judge Rex Burlison, Judge Stephenson McGraugh and Defendant Circuit Clerk Thomas Kloeppinger filed their Motion to Dismiss on February 24, 2021. (ECF No. 30-31).  Andrew S. Berg and the Law Firm of Bringer & Doyen,

---

[1] Assistant County Prosecutor Joshua Canavan and Former Public Defendant Frank Fabbri are the only defendants who have not filed motions to dismiss or memoranda in opposition to Plaintiffs' motions for clerk's entry of default.

[2] Plaintiffs originally named Jeffrey B. Jensen, the former United States Attorney.  Sayler Fleming, acting United States Attorney, is the proper defendant.

L.L.P. filed their Motion to Dismiss on February 24, 2021. (ECF Nos. 35-36). Defendants Associate City Counselor Erin McGowan, Circuit Attorney Kimberly Gardner, and Former Assistant Circuit Attorney Sam Bertolet filed their Motion to Dismiss on February 26, 2021. (ECF Nos. 39-40).[3] On March 11, 2021, Matthew Rutledge, who currently resides in Connecticut, filed a Memorandum in Opposition to Plaintiffs' Motion for Entry of Default By Clerk because Plaintiffs did not properly effectuate service on Rutledge under Fed. R. Civ P. 4(e). (ECF No. 59 (noting that the Missouri Rules do not permit service by mail or certified mail, nor does the State of Connecticut, Ct. Gen. Stat. §52-57)). On March 24, 2021, Mary Fox filed her Motion to Dismiss Plaintiffs' Complaint. (ECF Nos. 84-85). Defendant Jasmyn Frager filed her Motion to Dismiss on March 29, 2021. (ECF No. 90). Thus, most defendants responded to Plaintiffs' summons with either a motion to dismiss or have filed a memorandum in opposition to Plaintiffs' motions for clerk's entry of default.

Second, Plaintiffs' motions for entry of default are not well-founded. Plaintiffs purported to serve defendants by means of mail. Repeatedly in their motions for clerk's entry of default, Plaintiffs state that the defendant "was issued service of the complaint and summons... [by] U.S. Mail [e.g. certified mail] service complete upon delivery." Federal Rule of Civil Procedure 4(e), however, provides the proper method of service on an individual within a judicial district of the United States:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

---

[3]On April 5, 2021, Defendant Circuit Attorney Kimberly Gardner also filed her Motion to Dismiss. (ECF Nos. 97-98).

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The only way mail service can be acknowledged under the federal rule law is by return of the enclosed acknowledgment form. *Hajjiri v. First Minnesota Sav. Bank F.S.B.*, 25 F.3d 677, 678 (8th Cir. 1994); *Gulley v. Mayo Found.*, 886 F.2d 161, 165 ("[T]he provisions of [Rule 4] are to be strictly complied with ... therefore, if the acknowledgment form is not returned, the formal requirements of mail service are not met and personal service must be obtained." (internal quotation marks omitted)); *Alholm v. American Steamship Co.*, 144 F.3d 1172, 1176 (8th Cir.1998) (noting mail service ineffective when acknowledgment form not returned); *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000) (service ineffective when mailed and no acknowledgement form returned).  Similarly, Missouri Supreme Court Rules generally do not allow for service of process by mail.  *See, e.g.*, Mo. Sup. Ct. R. 54.13(b)(1) ("Upon an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years, or by delivering

a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process."). Thus, the Court concludes that Plaintiffs' attempted service of process upon all defendants was ineffective because Plaintiffs have provided no evidence that mailing the summonses and complaints to defendants constituted proper service of process.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Discovery for Production of Court Records by Clerk of Court (ECF No. 9), Plaintiffs' Motion for Discovery for Production of Documents/Records by Circuit Attorney's Office/Motion for Proposed Order to Compel Discovery (ECF No. 11), Plaintiffs' Motion for Discovery for Production of Documents/Records by United States Attorneys Office/Motion for Proposed Order to Compel Discovery (ECF No. 12), Plaintiffs' Motion for Discovery for Production of Court Records by Clerk of Court (ECF No. 13), Plaintiffs' Motion for Discovery for Production of Documents/Records by Attorney General's Office/Motion for Proposed Order to Compel Discovery (ECF No. 26), Plaintiffs' Motion for Brady Material Affirmative Disclosure by Prosecutors Not Mere Discovery Motion to Strike Defendant's Motion and Supporting Memorandum (ECF No. 28) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Clerk of the Court Gregory Linhares and United States Attorney Sayler Fleming's Motion to Stay Discovery, or, in the Alternative, for a Protective Order Staying Discovery (ECF No. 20) is **GRANTED**. Discovery is **STAYED** pending entry of a Case Management Order in this case. **The Court will strike any motions for discovery that are filed prior to the entry of a Case Management Order in this case.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Waive the Rule 26(f) requirements Sua Sponte for Purposes of Discovery, or Alternative[ly] the Court Enter Its Scheduling Order (ECF No. 55) is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Thomas Rutledge "Charter Communications Services, LLC." (ECF No. 44), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Erin K. McGowan, Asst. City Counselor (ECF No. 46), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Circuit Judge Rex Burlison (ECF No. 47), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Nancy A. Berryhill, Commissioner, SSA (ECF No. 48), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Assoc. Cir. Judge Christopher McGraugh (ECF No. 49), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Former United States Attorney Jeffrey Jensen (ECF No. 50), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Clerk Thomas L. Kloeppinger (ECF Nos. 51, 75), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Clerk of the Court Gregory J. Linhares (ECF No. 52), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against State Attorney General Eric Schmitt (ECF No. 53), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against District Judge Stephen R. Clerk (ECF No. 54), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Superintendent Jasym Frager (ECF No. 67), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Reo, Laurent Javois,

St. Louis Physic. And Rehabilitation Center (ECF No. 68), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Deputy General Counsel Denise L. Thomas Dep't of Mental Health (ECF No. 69), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Mark Stringer, Dep't of Mental Health (ECF No. 70), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Circuit Attorney, Kimberly M. Gardner (ECF No. 71), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Circuit Judge Rex Burlison (ECF No. 72), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Christopher McGraugh (ECF No. 73), Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Dist. Public Defender Mary Fox (ECF No. 74), and Plaintiffs' Motion for Entry of Default by Clerk Motion for Proposed Order Granting Default Judgment by Court Against Asst. County Prosecutor Joshua Canavan (ECF No. 76) are **DENIED**.

Dated this 20th day of April, 2021.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**