**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JEFFREY L.G. JOHNSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 4:21-CV-39 RLW |
| | ) | |
| v. | ) | |
| | ) | |
| JUDGE STEPHEN R. CLARK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on several motions to dismiss and other various motions. These matters are fully briefed and ready for disposition.  The Court dismisses Plaintiffs' Complaint in its entirety.

## BACKGROUND

On January 6, 2021, pro se Plaintiffs Jeffrey L.G. Johnson, Jerry A. Johnson, and Joseph Johnson (collectively referred to herein as "Plaintiffs") paid the filing fee and filed a Complaint, alleging various state and federal constitutional violations, civil rights violations, as well as claims for conspiracy, fraud, and kidnapping.  (ECF No. 1).  This is the seventh action filed by Plaintiffs together, separately, or with other plaintiffs. *See Johnson v. United States*, No. 4:20-CV-00679 SRC, 2020 WL 3250072 (E.D. Mo. June 16, 2020); *Johnson v. United States*, No. 19-CV-2328-SRC (E.D. Mo. Dec. 19, 2019), *Johnson v. United States*, No. 4:19-cv-1694-ERW, *Johnson v. United States*, No. 4:12-CV-2155-AGF (E.D. Mo. Dec. 12, 2012), *Johnson v. United States*, 4:12-CV-896-JAR (E.D. Mo. May 23, 2012), *Johnson v. Obama*, No. 4:10-CV-2303-RWS (E.D. Mo. Dec. 14, 2010), *Johnson v. Astrue*, No. 4:10-CV-497-CAS/FRB (E.D. Mo. Nov. 23, 2010.  In

Plaintiffs' prior litigation, they alleged many high-level government officials were involved in conspiracies to deprive Plaintiff Joseph Johnson of his social security benefits.

In the instant action, Plaintiffs appear to be again challenging the 2010 decision in *Johnson v. Astrue*, 4:10-CV-497-CAS (E.D. Mo.), which allowed the Social Security Administration (SSA) to collect overpayments made to Plaintiff Joseph Johnson.  Plaintiffs allege that the federal defendants, State Court judges, and litigants in the prior actions conspired to remove Plaintiffs' prior petition from Missouri State Court to the United States District Court for the Eastern District of Missouri in order to deny Plaintiffs the opportunity to re-litigate Judge Shaw's 2010 decision in State Court.   Plaintiffs' allegations also relate to Plaintiff Jerry Johnson's continued civil commitment.

## LEGAL STANDARDS OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted.  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007)). Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555.  A "formulaic recitation of the elements of a cause of action" will not suffice. *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556).

## DISCUSSION

**A. Defendants Denise Thomas, Mark Stringer, Laurent Javois, and the Honorable Eric Schmitt's Motion to Dismiss Plaintiffs' Complaint (ECF No. 23).**

Denise Thomas is the General Counsel, Mark Stringer is the director, and Laurent Javois is the regional executive officer for the Missouri Department of Mental Health ("MDMH"). Defendant Eric Schmitt is the Attorney General of Missouri.

On September 19, 1977, Plaintiff Jerry Johnson was acquitted of a criminal charge filed against him on the grounds of mental disease of defect by the St. Louis City Circuit Court. (ECF No. 1-2 at 19). The St. Louis City Circuit Court ordered him into MDMH custody at the Fulton State Hospital in Fulton, Missouri. (*Id*.) On April 25, 2016, Plaintiff Jerry Johnson was granted a conditional release without discharge by the St. Louis City Circuit Court. (ECF No. 1-2 at 22). The St. Louis City Circuit Court later amended that release to be a conditional release with discharge on February 18, 2018. (*Id*.) On March 5, 2020, Defendant Javois, regional executive officer at MDMH, applied to the St. Louis City Circuit Court to amend and extend Plaintiff Jerry Johnson's conditional release. (*Id*.) On April 25, 2020, the St. Louis City Circuit Court granted Defendant Javois's application on several conditions, including that Plaintiff Jerry Johnson live in a residential care facility, follow all rules and regulations of that facility, permit MDMH personnel to enter, monitor and inspect his residence, and participate in structured activities. (ECF No. 1-2 at 24-28).

"Ordinarily, in addressing a motion to dismiss, the Court would analyze the complaint count by count, stating the elements of the causes of action, and then determining whether the plaintiff alleged 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' *Johnson v. United States*, No. 4:19-CV-2328 SRC, 2019 WL 6910050, at *4 (E.D.

Mo. Dec. 19, 2019) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)) (quoting *Iqbal*, 556 U.S. at 678). In this case, as with their prior cases, "[P]laintiffs' complaint alleges so few facts, as opposed to legal conclusions, recitation of legal jargon, and allegations so fantastic or delusional that they rise to the level of the irrational and wholly incredible, that the Court declines to address each purported count separately." *Johnson v. United States*, 2019 WL 6910050, at *4: s*ee Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 718 (8th Cir. 2019)(citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) ("[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.")). Thus, the Court holds that Plaintiffs' pleadings are largely indecipherable and fail to state a discernable cause of action. Accordingly, the Court holds that Plaintiffs fail to properly state a cause of action against Denise Thomas, Mark Stringer, Laurent Javois, and the Honorable Eric Schmitt. *See Johnson v. United States*, No. 4:20-CV-00679 SRC, 2020 WL 3250072, at *4 (E.D. Mo. June 16, 2020).

In addition, Plaintiffs fail to state a claim because a motion for habeas corpus is the only means by which to challenge the length or validity of a civil commitment. Plaintiffs' claims for habeas relief are not properly brought as a Section 1983 claim.[1] Plaintiffs purport to join their claims with a "writ of habeas corpus" based upon Plaintiff Jerry A. Johnson's "indefinite detention custody of the Missouri Dep't of Mental Health." (ECF No. 1 at 16; *see also* ECF No. 1 at 27

---

[1] To state a § 1983 claim, a plaintiff must plead "(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). A school district may be considered a "person" for purposes of § 1983 liability. *Keckeisen v. Indep. Sch. Dist.*, 509 F.2d 1062, 1065 (8th Cir. 1975). "[I]n evaluating a § 1983 claim, the precise constitutional violation which is alleged must be identified." *Poehl v. Randolph*, No. 4:05CV00400 ERW, 2006 WL 1236838, at *3 (E.D. Mo. May 3, 2006) (citing *Rogers v. City of Little Rock, Ark.,* 152 F.3d 790, 796 (8th Cir .1998)).

(asserting Defendants "conspired to suspend petitioner's writ of habeas corpus … action at law for fraud")).   The Court holds that Plaintiffs' habeas claims are not cognizable under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of 1983."). The Court dismisses Plaintiffs' Complaint to the extent it attempt to allege a habeas action as a Section 1983 action.

Further, and to the extent that Plaintiffs attempt to bring their claims as a habeas action, those claims fail because Plaintiffs have not exhausted their administrative remedies.  To challenge his state conviction or sentence to confinement in federal court, Plaintiffs must petition for a writ of habeas corpus. *Preiser,* 411 U.S. at 501. Before seeking federal habeas relief, Plaintiffs must exhaust all adequate and available state court remedies. 28 U.S.C. § 2254(b)(c); *Rose v. Lundy,* 455 U.S. 509, 520 (1982); *Powell v. Wyrick,* 657 F.2d 222 (8th Cir.1981). The state courts must have an opportunity to review the merits of Plaintiffs' contentions and must be given primary responsibility in their own criminal cases. *Fay v. Noia,* 372 U.S. 391 (1963); *Tyler v. Swenson,* 527 F.2d 877 (8th Cir.1976).  Plaintiffs do not allege that Plaintiff Jerry Johnson, or any of the other Plaintiffs, exhausted his/their state administrative remedies prior to bringing this lawsuit. Plaintiffs do not allege that there are no Missouri remedies available to them.[2]  As an additional basis, the Court dismisses the Complaint for failure to exhaust Plaintiffs' administrative remedies.

---

[2]   Missouri  law  establishes  the  availability  of  habeas  corpus  to  persons such as Plaintiffs. "Every person committed, detained, confined or restrained of his liberty, within this state, for any criminal or supposed criminal matter, or under any pretense whatsoever, except when, according to the provisions of this chapter, such person can be neither discharged nor bailed, or  otherwise  relieved,  may  prosecute  a  writ  of  habeas  corpus  as  herein provided, to inquire into the cause of such confinement or restraint." R.S.Mo. § 532.010.

Thus, the Court grants Defendants Denise Thomas, Mark Stringer, Laurent Javois, and the Honorable Eric Schmitt's Motion to Dismiss Plaintiffs' Complaint (ECF No. 23) in full.

## B.  Defendants the Honorable Rex Burlison, the Honorable Christopher McGraugh, and Thomas Kloeppinger's Motion to Dismiss (ECF No. 30)

Defendants the Honorable Rex Burlison and the Honorable Christopher McGraugh are circuit judges in the 22nd Judicial Circuit, State of Missouri.  Defendant Thomas Kloeppinger is the circuit clerk of the 22nd Judicial Circuit.

Plaintiffs accuse Judge Burlison and Judge McGraugh of engaging in fraud, along with the City of St. Louis, to allow the City of St. Louis to remove their prior litigation, case no. 2022-cc00594, to federal court (where it was filed as 4:20-cv-00679).  (Compl., ¶ 25).   Plaintiffs also allege that Judge Burlison and Judge McGraugh "suspended petitioner's writ of habeas corpus [and] denied petitioner of his substantive right to Due Process and Equal Protection of law 14th Amendment."   (Compl., ¶84). Plaintiffs further allege that Judge McGraugh and Clerk Kloeppinger intentionally engaged in wire fraud and withheld summonses from certain defendants in prior the litigation. (Compl., ¶¶75-80).

Initially, the Court dismisses Plaintiffs' claims against Defendants Burlison, McGraugh, and Kloeppinger because the Complaint fails to state allege a claim under the *Twombly* and *Iqbal* standards.  *See Twombly*, 550 U.S. at 555; *Johnson*, 2020 WL 3250072, at *4.

Second, the Court finds that Plaintiffs' habeas claims are not cognizable under § 1983.  *See Preiser*, 411 U.S. at 490.  Likewise, to the extent that Plaintiffs attempt to state a habeas corpus claim their action fails because they have not exhausted their state court remedies.  See 28 U.S.C. § 2254(b)(c); *Rose,* 455 U.S. at, 520 (1982); *Powell,* 657 F.2d 222.

Moreover, to the extent that Plaintiffs bring this lawsuit for the Court to overturn a state court decision, the Court grants the Motion to Dismiss those claims based upon the *Rooker–Feldman* doctrine.  *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005)  The *Rooker–Feldman* doctrine provides that, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Ballinger v. Culotta,* 322 F.3d 546, 548 (8th Cir.2003) (internal quotation omitted). The doctrine bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging "injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).  "District courts generally may not review state court decisions because jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court." *Parker v. Gribble*, No. 06-0679-CV-W-GAF, 2006 WL 8438536, at *2 (W.D. Mo. Nov. 28, 2006) (citing *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003)).

Here, Plaintiff Jerry Johnson was civilly committed to the Missouri Department of Mental Health custody by the St. Louis City Circuit Court.  (ECF No. 1-2 at 19).  Plaintiffs' current lawsuit challenges state court action and, thus, is clearly improper under the *Rooker-Feldman* doctrine. *See Parker*, 2006 WL 8438536 (dismissing lawsuit seeking "unconditional release from state custody based on his alleged recovery from mental illness" based on the *Rooker-Feldman* doctrine).  The Court holds that Plaintiffs' causes of action are barred by the *Rooker-Feldman* doctrine to the extent that they are trying to relitigate state court litigation for Plaintiff Jerry Johnson's civil commitment to the Missouri Department of Mental Health.  *Parker*, 2006 WL 8438536.

Plaintiffs' claims also fail because Defendants are entitled to absolute judicial immunity and/or quasi-judicial immunity.  Under the doctrine of absolute judicial immunity, it is well established that "[a] judge is entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)); *see also, e.g.*, *Maness v. District Court of Logan County*, 495 F.3d 943, 944 (8th Cir. 2007). Judicial immunity protects the finality of judgments, discourages inappropriate collateral attacks, and "protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872)); *Smith v. Finch*, 324 F. Supp. 3d 1012, 1020 (E.D. Mo. 2018). Through the doctrine of absolute quasi-judicial immunity, courts have extended the protections of judicial immunity to individuals other than judges, such as court clerks, under some limited circumstances. *Smith v. Finch*, 324 F. Supp. 3d 1012, 1020 (E.D. Mo. 2018).  Court clerks "'are absolutely immune only for acts that may be seen as discretionary, or for acts taken at the direction of a judge or according to court rule.'" *Finch*, 324 F. Supp. 3d at 1024 (quoting *Geitz v. Overall*, 62 F. App'x 744, 746, 2003 WL 1860542,  (8th Cir. 2003)).  Likewise, judicial immunity extends to Executive Branch officials who perform quasi-judicial functions, *see Butz v. Economou, supra*, 438 U.S. at 513–514, 98 S.Ct., at 2914, or who perform prosecutorial functions that are "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976); *Forrester*, 484 U.S. at 225–26.

Here, Plaintiffs' claims against Judge Burlison and Judge McGraugh pertain solely to their roles in Plaintiffs' previous civil and habeas cases.  *See* Case No. 1922-CC12348.  Judge Burlison and Judge McGraugh's actions taken as part of that lawsuit were in their official capacities, and

Plaintiffs have not alleged anything to the contrary.   Likewise, Plaintiffs' allegations against Defendant Kloeppinger all relate to his activities within in the scope his duties as clerk of the court and under the direction of the 22nd Circuit Judges' supervision.  *See, e.g., Twentieth Jud. Cir. of State of Mo. v. Bd. of Comm'rs of Cty. of Franklin*, 911 S.W.2d 626, 628 (Mo. 1995) ("the clerk is an agent of the circuit judge and possesses the statutory authority to perform certain tasks. The judge, as the principal, possesses the inherent power to perform the tasks").  Thus, the Court holds Defendants are immune from suit and the claims against them are dismissed.

Finally, the Court holds that Plaintiffs' wire fraud claims[3] against Judge McGraugh and Defendant Kloeppinger and their civil conspiracy claims[4] against Judge Burlison, Judge McGraugh, and Defendant Kloeppinger must be dismissed for failure to state a claim. Judge McGraugh's sole involvement in this case was as the presiding judge when no summonses were issued in the underlying case.  Likewise, Defendant Kloeppinger's involvement was limited to filing pleadings in the case record.  Thus, Plaintiffs fail to state a claim for wire fraud because they

---

[3] Wire fraud occurs when a person:
> having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

18 U.S.C. § 1343; *Jones v. Galaxy 1 Mktg., Inc.*, 478 S.W.3d 556, 571–72 (Mo. Ct. App. 2015). The elements of wire fraud under 18 U.S.C. § 1343 are nearly identical to mail fraud, except for the use of an interstate wire instead of the mail. *United States v. McKanry,* 628 F.3d 1010, 1017 (8th Cir.2011). Wire fraud requires proof that the "wire, radio, or television" communication traveled in interstate commerce, 18 U.S.C. § 1343.

[4] The elements of a civil conspiracy claim are: "(1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful overt acts, and (5) resulting damages. The essence of a civil conspiracy is an *unlawful* act agreed upon by two or more persons." *Aguilar v. PNC Bank, N.A.*, 853 F.3d 390, 403 (8th Cir. 2017) (citing *Mackey v. Mackey*, 914 S.W.2d 48, 50 (Mo. Ct. App. 1996)).

have not alleged any illegal activities.  Similarly, Plaintiffs' claim for civil conspiracy fails because Plaintiffs do not allege any object to be accomplished or meeting of the minds as to an unlawful act.  Because Plaintiffs have not alleged an unlawful act agreed to by these Defendants, Plaintiffs' civil conspiracy claim fails as a matter of law. *Mackey*, 914 S.W.2d at 50 ("Some unlawful act, in furtherance of the conspiracy, to the plaintiff's damage by one or more of the defendant conspirators is the gist of the action.").  For this additional reason, the Court dismisses all claims against Defendants Burlison, McGraugh, and Kloeppinger.

### C.  Defendants Andrew S. Berg (ECF No. 35) Brinker & Doyen, L.L.P.'s Motion to Dismiss (ECF No. 36)

The City of St. Louis removed the lawsuit *Johnson v. United States*, Case No. 2022-CC100594 (Circuit Court of the City of St. Louis, filed May 21, 2020) to Federal Court, where it was *Johnson v. United States*, Case No. 4:20-CV-00679 (E.D. Mo. 2020).  Plaintiffs allege that Andrew Berg and Brinker & Doyen, L.L.P. ("Brinker")[5], as well as Charter Communications Services, LLC ("Charter"), consented to the removal of that action.  (Complaint, ¶¶ 6, 14, Summary) ("defendant city of St. Louis … and consenting to remove defendants Berg and Brinker & Doyen, LLP and Charter Communications Services, LLC used wire communication the federal court's CM/ECF electronic filing system to file a civil demand for civil rights deprivation under a petition for removal to federal court case No. 4:20-cv-00679").  Thereafter, in June 2020, Plaintiffs filed a "counterclaim civil demand $96,000,000,000.00" against the City of St. Louis, Berg, Brinker, and Charter.  (Compl., ¶ 9).  Berg and Brinker "timely" filed an Entry of Appearance and

---

[5] Berg and Brinker are separate legal entities but have similar arguments regarding Plaintiffs' claims against them.

Motion to Dismiss (Compl., ¶ 18).  Plaintiffs claim that Charter filed its "time barred" Entry of Appearance and motion to dismiss case on April 28, 2020.  (Complaint, ¶ 18).

Neither Berg nor Brinker were served personally.  (ECF No. 37 at 7).  Instead, Plaintiffs attempted to served Berg and Brinker by means of certified mail.  (ECF No. 37-2, 37-3).  The Court grants Plaintiffs' claims against Defendants Berg and Brinker for improper service of process. Fed. R. Civ. P. 4.

In addition, the Court holds that Plaintiffs fail to state a claim for which relief can be granted against Berg and Brinker.  Plaintiffs' sole basis for their Complaint against Berg and Brinker is that they consented to the removal of a lawsuit to federal court.  Plaintiffs have not identified any cause of action based upon Berg and Brinker's consent to removal of a case. Therefore, the Court finds that Plaintiffs fail to state a claim under *Twombly* and *Iqbal*.  *See Twombly*, 550 U.S. at 555; *Johnson*, 2020 WL 3250072, at *4.  The Court grants Berg and Brinker's Motion to Dismiss.

### D. Defendants Erin McGowan, Kimberly Gardner, and Sam Bertolet's Motion to Dismiss (ECF No. 39)[6]

#### 1. McGowan

Plaintiffs seem to argue that McGowan is liable based upon her filing a Notice of Removal of on behalf of her client, the City of St. Louis in the prior litigation, *Johnson*, 2020 WL 3250072. First, the Court holds that this allegation fails to state a claim under *Twombly* and *Iqbal* because Plaintiffs have not identified any cause of action based upon McGowan's proper filing of a Notice

---

[6] As an initial matter, this motion to dismiss is as to McGowan and Bertolet's official capacities only.  As noted by defense counsel, "Counsel does not represent Gardner or Bertolet in their individual capacities, and neither are under the impression that he does."  (ECF No. 40 at 8, n.8).

of Removal.  The Court, therefore, dismisses Plaintiffs' claims against McGowan for failure to state a claim.  *See Twombly*, 550 U.S. at 555; *Johnson*, 2020 WL 3250072, at *4.

Also, Defendant McGowan has absolute immunity from lawsuit based upon actions she took as an Associate City Counselor. *Murphy v. Morris*, 849 F.2d 1101, 1105 (8th Cir. 1988) (citing *Barrett v. United States,* 798 F.2d 565, 571–73 (2d Cir. 1986)) ("state assistant attorney general's function as a government advocate entitles him or her to absolute immunity from suit for damages").  Plaintiffs' allegations against McGowan relate entirely to her conduct as an advocate for St. Louis City and, thus, she is entitled to absolute immunity from Plaintiffs' suit.  *Murphy*, 849 F.2d at 1105 ("cloak of immunity is limited to the attorney's performance of regular advocacy functions, and like the immunity afforded prosecutors, does not extend to intentional misconduct accomplished outside of the scope of the attorney's function as an advocate for the state").

In addition, McGowan is entitled to official immunity against Plaintiffs' claims.  "The official immunity doctrine provides that public officials acting within the scope of their authority are not liable in tort for injuries arising from their discretionary acts or omissions." *DaVee v. Mathis,* 812 S.W.2d 816, 827 (Mo. Ct. App. 1991); *Seiner v. Drenon*, 304 F.3d 810, 813 (8th Cir. 2002).  McGowan is entitled to official immunity from any state law claims asserted by Plaintiffs because her decision to file a Notice of Removal was a discretionary act done in the performance of her duties.  The Court grants her motion to dismiss on this basis.

## 2.   **Official Capacity Claims**

Plaintiffs purport to bring claims against McGowan, Gardner and Bertolet in their official and individual capacities.  Plaintiffs' §1983 claims against McGowan, Gardner and Bertolet in their official capacities are essentially claims against their employing governmental entity.  *See*

*Banks v. Slay*, 875 F.3d 876, 878 (8th Cir. 2017) ("A core tenet of 42 U.S.C. § 1983 jurisprudence is that an official-capacity suit against an individual is really a suit against that official's government entity.").  In turn, a municipality cannot be held liable under § 1983 "solely because it employs a tortfeasor." *Bolderson v. City of Wentzville*, 840 F.3d 982, 985 (8th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Rather, liability for a constitutional violation attaches only if the violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise an official or employee. *Id.* (citing *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1214 (8th Cir. 2013)); *Tirado v. City of Minneapolis*, No. 20-1338, 2021 WL 679261, at *5 (D. Minn. Feb. 22, 2021).  Here, Plaintiffs' Complaint does not allege an official municipal policy, unofficial custom, or deliberately indifferent failure to train or supervise.  Thus, Plaintiffs do not state a § 1983 claim for municipal liability.  Likewise, the City cannot be held liable under § 1983 for respondeat superior liability. *Monell*, 436 U.S.  at 691.  Accordingly, the Court dismisses the § 1983 municipal claim and the official capacity claims against McGowan, Gardner and Bertolet.

Finally, Missouri law provides that government entities have sovereign immunity from suit. Mo.Rev.Stat. § 537.600 (creating this immunity).  Section 537.600 contains two exceptions to this grant of sovereign immunity, but neither is at issue here. *See Hammer v. City of Osage Beach,* 318 F.3d 832, 841 (8th Cir.2003); *Teasley v. Forler*, No. 4:06-CV-773 (JCH), 2008 WL 877869, at *2 (E.D. Mo. Mar. 27, 2008).  Thus, the Court holds that Plaintiffs' official capacity claims for municipal liability under § 1983  against McGowan, Gardner and Bertolet also fail to state a claim because they are barred by sovereign immunity.  *See* Mo. Rev. Stat. § 537.600.

### 3. Res Judicata

"Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). A suit is barred by *res judicata* (or claim preclusion) when five elements are satisfied:

> (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); (4) both suits are based upon the same claims or causes of action; and (5) the party against whom *res judicata* is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect.

*Rutherford v. Kessel*, 560 F.3d 874, 877 (8th Cir. 2009) (quotation and alterations omitted); *United States v. Bala*, 948 F.3d 948, 950 (8th Cir. 2020).

In Plaintiffs' most recent lawsuit, the City was dismissed as a defendant with prejudice. *See Johnson*, 2020 WL 3250072.  Although the precise causes of action alleged by Plaintiffs are difficult to discern, the instant Complaint clearly derives from the same underlying disputes as the prior complaints and lawsuits and involve the same parties.  That is, the prior lawsuit involved Plaintiffs' disputes with the Social Security Administration, Plaintiff's conditional release, and the adjudication of Plaintiffs' prior lawsuits. These same parties fully litigated these causes of action and were given full opportunities to present their arguments before Plaintiffs' claims were dismissed.  Therefore, the Court holds that Plaintiffs' claims against the City, and the official capacity claims against the individual defendants, are also barred by *res judicata*.[7]

---

[7] Finally, to the extent that Plaintiffs' claims against Defendants require federal review of a prior state court decision (such as Plaintiff Jerry Johnson's acquittal of a criminal charge against him on the grounds of mental disease or defect, or his conditional release), such claims are barred by the

### E. Defendant Jasmyn Frager's Motion to Dismiss (ECF NO. 62) and Defendant Jasmyn Frager's Motion to Dismiss (ECF No. 90)

Jasmyn Frager is the Director of the Benedict Joseph Labre Center in St. Louis, Missouri, where Plaintiff Jeffrey Johnson is currently housed. *See* Compl., ¶¶56(a). In the present action, Plaintiffs' Complaint does not set forth any factual allegations related to Frager that would give rise to relief. The Court cannot identify any theory of relief against Frager and, therefore, grants her motion to dismiss for failure to state a claim. *See Twombly*, 550 U.S. at 555; *Johnson*, 2020 WL 3250072, at *4.

### F. Federal Defendants' Motion to Dismiss, or, in the Alternative, for a More Definite Statement (ECF No. 78)

As an initial matter, Plaintiffs' Complaint against the Federal Defendants is dismissed because the Federal Defendants were not properly served. The improper summons delivered to the Federal Defendants did not contain both the clerk's signature and the Court's seal as required under Fed. R. Civ. P. 4(a)(1)(F) and (G). Further, Plaintiffs served the individuals and the agency, but failed to serve the Attorney General, as required under Rule 4(i). *See* Fed. R. Civ. P. 4(i). Thus, this Court lacks subject matter jurisdiction over Plaintiffs' claims against the Federal Defendants. *See Cheeks v. Belmar*, No. 4:18-CV-2091 CAS, 2019 WL 2568667, at *2 (E.D. Mo. June 21, 2019)(citing *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996)) ("If a defendant is not properly served, a federal court lacks jurisdiction over that defendant whether or not he or she has actual notice of the suit.").

---

*Rooker-Feldman* doctrine. *See Friends of Lake View Sch. Dist. No. 25 v. Beebe,* 578 F.3d 753, 758 (8th Cir. 2009); *Dodson v. Univ. of Ark. for Med. Scis.*, 601 F.3d 750, 754 (8th Cir. 2010).

Further, absolute immunity shields Judge Clark, Clerk Linhares, and the United States Attorney from Plaintiffs' Complaint.  Here, the claims against Judge Clark, Clerk Linhares, and the United States Attorney are all barred by absolute or quasi-absolute immunity.  Plaintiffs alleged that Judge Clark participated in a conspiracy by entering a Standing Order and dismissing their prior cases.  Next, Plaintiffs contend Clerk Linhares participated in the conspiracy by sending Judge Clark's Standing Order to Plaintiffs through the U.S. mail and by docketing the removed case.  Finally, Plaintiffs assert that the United States Attorney participated in the conspiracy by moving to dismiss Plaintiffs' prior Complaint.  All of these allegations demonstrate that Judge Clark, Clerk Linhares, and the United States Attorney are immune from suit under Federal law based upon their participation in the court adjudication process.  The Court grants the Federal Defendants' Motion to Dismiss on this basis.  *See Smith*, 324 F. Supp. 3d at 102); *Forrester*, 484 U.S. at 225–26.

Moreover, the Court also dismisses the claims against the Federal Defendants because Plaintiffs' allegations fail to state a claim.  As stated, the Federal Defendants engaged in lawful conduct and Plaintiffs fail to state any allegations from which they would be entitled to relief.  *See Twombly*, 550 U.S. at 555; *Johnson*, 2020 WL 3250072, at *4.

Finally, the Court holds that Plaintiffs' claims are barred by res judicata to the extent that they are trying to relitigate their claims that were decided previously by Judge Clark.  This case meets all of the elements for res judicata.  *Rutherford*, 560 F.3d at 877;  *Bala*, 948 F.3d at 950.  In the most recent suit Judge Clark dismissed with prejudice and the instant case, Plaintiffs maintained that the Social Security Administration recouped overpayments from Plaintiff Joseph Johnson to "coverup" embezzled funds.  This Court has proper jurisdiction over this lawsuit and the prior suit.  The cases involve the same parties, Plaintiffs and the Social Security Administration.

And, finally, Plaintiffs alleged in both cases that the Social Security Administration was improperly obtaining funds from Plaintiffs Joseph Johnson. Therefore, the Court dismisses this action against the Federal Defendants because it is barred by res judicata. *Rutherford*, 560 F.3d at 877; *Bala*, 948 F.3d at 950.

### G. **Dismissal of Plaintiffs' Remaining Claims**

After service of process in a fee-paid case, a court may dismiss claims under Federal Rule of Civil Procedure 12(b)(6) on its own motion if the plaintiffs have failed to state a claim upon which relief can be granted. *Murphy v. Lancaster*, 960 F.2d 746, 748 (8th Cir. 1992) (per curiam) (quoting *Smith v. Boyd*, 945 F.2d 1041, 1042-1043 (8th Cir. 1991) ("a sua sponte dismissal without prior notice under Rule 12(b)(6) is authorized only 'when it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint.'")); *Murphy v. Lancaster*, 960 F.2d 746, 748 (8th Cir. 1992); *Johnson v. United States*, No. 4:19-CV-2328 SRC, 2019 WL 6910050, at *8 (E.D. Mo. Dec. 19, 2019); *see Smithrud v. City of St. Paul*, 746 F.3d 391, 395, 396 n.3 (8th Cir. 2014) (a "district court may *sua sponte* dismiss a case pursuant to Rule 12(b)(6)"). Prior to service of process, a court may dismiss claims under Rule 12(b)(6) on its own motion only if the complaint is frivolous, *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996); *Addison v. Pash*, 961 F.2d 731, 732 (8th Cir. 1992) (per curiam), or "when it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint," *Smith*, 945 F.2d at 1043; *Johnson*, 2020 WL 3250072.

Here, several defendants filed motions to dismiss, putting Plaintiffs on notice regarding deficiencies in their Complaint. A few defendants, however, either were not served with

summonses and complaint or were served and have not filed a responsive pleading.[8] As a result, the Court dismisses Plaintiffs' claims against all defendants on its own motion only upon a finding that the Complaint is frivolous, or that it is patently obvious that Plaintiffs could not prevail based on the facts alleged in the Complaint.

The Court has carefully reviewed the entire Complaint, viewing the facts and all reasonable inferences therefrom in the light most favorable to Plaintiffs. As previously stated, the Complaint is primarily comprised of legal conclusions, recitation of legal jargon, and factual allegations that are nonsensical, fantastic, or delusional, such that they rise to the level of the irrational and wholly incredible. Plaintiffs do not plead facts that could support any plausible cause of action against any of Defendants.

Under these circumstances, the Court declines to address each purported count separately as against each defendant, *see Glick*, 2019 WL 6571150, at *2, but finds the Complaint as a whole is frivolous, *see Porter*, 99 F.3d at 273, and further finds it is patently obvious Plaintiffs could not prevail based on the facts alleged. *See Smith*, 945 F.2d at 1043. Consequently, on its own motion, the Court dismisses all of Plaintiffs' claims against all of the remaining defendants. *Johnson*, 2020 WL 3250072.

### H.  Plaintiffs' Motion for Discovery for Production of Documents/Records by County Prosecutor's Office Motion for Proposed Order to Compel Discovery (ECF No. 41)

Plaintiffs' requests for discovery are premature because this Court has not held its Rule 26(f) conference.  *See* Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from

---

[8]  *See, e.g.,* Defendant Mary Fox's Motion to Dismiss (ECF No. 84)**;** Defendant Kimberly Gardner's Motion to Dismiss (ECF No. 97) (seeking dismissal for improper service).

initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). The Court agrees that discovery is premature, denies Plaintiffs' motions for discovery.

### I. Plaintiffs' Motion for Joinder of Claim for Unlawful Conversion and Fraudulent Transfer of Civil Filing Fee by Court (ECF No. 107)

In their Motion, Plaintiffs ask this Court to join their new claims for unlawful conversion and fraudulent transfer of civil filing fee by this Court. Plaintiffs seek to "recoup [their] property $400.00 Civil Filing Fee because the district court failed to perform its fiduciary duty lawfully owed to plaintiffs under its jury trial demand preserved inviolate on the estate's action at law in related case No. 4:19-cv-02328 AGF/RLW/SRC." (ECF No. 107 at 6).

The Court construes Plaintiffs' Motion for Joinder for Unlawful Conversion and Fraudulent Transfer of Civil Filing Fee by Court (ECF No. 107) as a motion to amend his complaint by interlineation. The Court does not accept amendments by interlineation. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion). Therefore, the Court denies Plaintiffs' Motion for Joinder for Unlawful Conversion and Fraudulent Transfer of Civil Filing Fee by Court (ECF No. 107).

### J. Plaintiffs' Claim No. 1: Section 1983 Joinder of Claim Adding Defendants Chief Judge Lavenski Smith and District Judge Ronnie L. White (ECF No. 115)

In Plaintiffs' Claim No. 1: Section 1983 Joinder of Claim Adding Defendants Chief Judge Lavenski Smith and District Judge Ronnie L. White (ECF No. 115), which the Court construes as a motion for leave to amend the Complaint, Plaintiffs purport to add claims against Chief Circuit Judge Lavenski Smith and District Judge White to the claims in the instant cause of action. This motion fails for several reasons.

As an initial matter, the Court denies this Motion because it does not accept amendments by interlineation. *See Popoalii*, 512 F.3d at 497. In addition, the Court denies Plaintiffs' Motion because it purports to allege claims that are unrelated to the allegations in the Complaint. The Complaint relates to Social Security Administration, Plaintiff's conditional release, and the adjudication of Plaintiffs' prior lawsuits. The proposed amendment, however, relates to the adjudication of this action and Plaintiffs' judicial complaint. Thus, Plaintiffs' Motion and proposed amendment are unrelated to the facts in the underlying Complaint, and the Court denies the requested amendment. The proposed amendment would introduce entirely new legal theories to this case, which would be prejudicial to the parties. *See Wheeler v. Schmalenberger*, No. 1:11-CV-079, 2012 WL 5986575, at *4 (D.N.D. Nov. 29, 2012) ("Permitting Wheeler to add an unrelated claim would require additional discovery, confuse the issues, and protract the final disposition of the case … granting Wheeler leave to add Claim No. 6 would unduly prejudice the non-moving parties because the claim is based on different facts and legal theories than Wheeler's original claims and requires the addition of a defendant."); *Popoalii,* 512 F.3d at 497 (stating appellate courts less likely to hold denial an abuse of discretion when late tendered amendments involve new theories of recovery and impose additional discovery requirements); *Wishon v. Gammon,* 978 F.2d 446, 448 (8th Cir.1992) (holding the district court did not abuse its discretion by denying prisoner leave to amend complaint to add unrelated claim that could be raised in a different suit). The Court denies Plaintiffs' request for amendment of this action because the amendment is unrelated to the instant action, would prejudice the parties, and unduly delay disposition of this lawsuit.

Finally, the Court denies the Motion because Plaintiffs' proposed amendment fails to state a claim upon which relief can be granted. As with Plaintiffs' other claims, they fail to allege any

cognizable cause of action against Circuit Judge Smith and District Judge White.  As a result, the Court denies the Motion because the proposed amendment would be futile.  See *Popoalii,* 512 F.3d at 497 (citing *Kozohorsky v. Harmon,* 332 F.3d 1141, 1144 (8th Cir.2003)); *Trademark Med., LLC v. Birchwood Lab'ys, Inc.*, 22 F. Supp. 3d 998, 1002 (E.D. Mo. 2014) ("A court may properly deny a motion to amend a pleading if the amendment would be futile.").

### K.  Plaintiffs' Motion for Substitution of Defendant Kilolo Kijakazi Acting Commissioner Joinder of Claim and Parties Needed for Just Adjudication (ECF No. 116)

Plaintiffs filed a Motion for Substitution of Defendant Kilolo Kijakazi Acting Commissioner for Joinder of Claim and Parties Needed for Just Adjudication (ECF No. 116).  To the extent that Plaintiffs are asking the Court to substitute Kilolo Kijakazi as the defendant in their claim against the Social Security Administrator, the Court grants their Motion.  However, to the extent that Plaintiffs are intending to add or modify their claims, this Motion is denied because the Court does not accept amendment by interlineation.  *See Popoalii*, 512 F.3d at 497.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Denise Thomas, Mark Stringer, Laurent Javois, and the Honorable Eric Schmitt's Motion to Dismiss Plaintiffs' Complaint (ECF No. 23, Defendants the Honorable Rex Burlison, the Honorable Christopher McGraugh, and Thomas Kloeppinger's Motion to Dismiss (ECF No. 30), Defendants Andrew S. Berg (ECF No. 35) Brinker & Doyen, L.L.P.'s Motion to Dismiss (ECF No. 36), Defendants Erin McGowan, Kimberly Gardner, and Sam Bertolet's Motion to Dismiss (ECF No. 39),  Defendant Jasmyn Frager's Motion to Dismiss (ECF NO. 62) and Defendant Jasmyn Frager's Motion to Dismiss (ECF No. 90), Federal Defendants' Motion to Dismiss, or, in the Alternative, for a More Definite

Statement (ECF No. 78), Defendant Mary Fox's Motion to Dismiss (ECF No. 84), Defendant Kimberly Gardner's Motion to Dismiss (ECF No. 97) are **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Discovery for Production of Documents/Records by County Prosecutor's Office Motion for Proposed Order to Compel Discovery (ECF No. 41) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Claim No. 1: Section 1983 Joinder of Claim Adding Defendants Chief Judge Lavenski Smith and District Judge Ronnie L. White (ECF No. 115) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Substitution of Defendant Kilolo Kijakazi Acting Commissioner Joinder of Claim and Parties Needed for Just Adjudication (ECF No. 116) is **GRANTED**, in part, and **DENIED**, in part.  Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted as the Defendant herein pursuant to Rule 25(d), Fed. R. Civ. P., and the Clerk shall modify the parties and the short caption of the case accordingly.  Plaintiffs' Motion for Substitution of Defendant Kilolo Kijakazi Acting Commissioner Joinder of Claim and Parties Needed for Just Adjudication (ECF No. 116) is denied in all other respects.

**IT IS FURTHER ORDERED** that Plaintiffs' Letter of Information to Court Request for Orders in Paper Form (ECF No. 100) is **DENIED** as moot.

**IT IS FINALLY ORDERED** that on the Court's own motion, all claims in Plaintiffs' Complaint are **DISMISSED with prejudice** as against all defendants.

An appropriate order of dismissal with prejudice will accompany this Memorandum and Order.

Dated this 21st day of September, 2021.


_Ronnie L. White_

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**